IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-25,897-03






EX PARTE JOSE ANGEL MORENO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 1986-CR1042-W3 FROM THE


227
TH DISTRICT COURT OF BEXAR COUNTY





 Price, J., filed a statement respecting the motion for stay of execution and the 
petition for writ of habeas corpus, in which Johnson and Holcomb, JJ., joined.


STATEMENT



 The Court today takes no action respecting the applicant's subsequent writ application
brought pursuant to Article 11.071 of the Texas Code of Criminal Procedure. The issue is
whether he has invoked a legal basis that was unavailable to him before. (1) It may be said that
the United States Supreme Court's recent rulings in Abdul-Kabir v. Quarterman and Brewer
v. Quarterman (2) did not announce legal principles that were previously unavailable to the
applicant. After all, had the Supreme Court not found the legal basis for the claim to have
been already well-entrenched in their own jurisprudence, it could not have granted Abdul-Kabir and Brewer federal habeas corpus relief under the Antiterrorism and Effective Death
Penalty Act ("AEDPA"). (3) I am not wholly unsympathetic to this view. But it is contrary to
what we recently said in Ex parte Hood. (4)

 Hood involved a jury nullification instruction issue that was raised on direct appeal,
where we rejected it, and then omitted from the initial state writ application. After the United
States Supreme Court issued its opinion in Penry v. Johnson (5) ("Penry II"), Hood filed a
second state writ application, but he failed to reiterate his jury nullification claim at that
time. (6) Among our many holdings in that complex opinion, we essentially held that, had
Hood re-raised his jury nullification issue in this second writ application, we would have
entertained it, since we regarded Penry II as a legal basis that had been unavailable to Hood
before. (7) We said this even though, like Abdul-Kabir and Brewer, Penry II was decided under
the AEDPA, which means that in order to grant federal habeas corpus relief, the Supreme
Court was required to find that the law was already so well established that the lower court
rulings that had rejected Penry's challenge to the jury nullification instructions had been
"objectively unreasonable." (8)

 The applicant in this case raised his objection to the lack of a mitigation instruction
for the first time in his initial state habeas application. We have said that such a claim is
cognizable in a state habeas corpus application even if raised there for the first time. (9) Thus,
there is no procedural default of the issue. We rejected it at that time, and thus it became
"unavailable by exhaustion" under the rubric of Hood. (10) But, just as we said that Hood's
claim was revived by the Supreme Court's opinion in Penry II, in my view the applicant's
claim has been revived by Abdul-Kabir and Brewer. This is precisely the argument that the
applicant makes in his subsequent writ application.


Filed: May 9, 2007

Do Not Publish
1. See Tex.Code Crim.Proc. art. 11.071, § 5(a)(1) & (d).
2. 550 U.S. ___ (No. 05-11284, April 25, 2007); 550 U.S. ___ (No. 05-11287, April 25, 2007).
3. 28 U.S.C. § 2254(d)(1) ("An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not be granted with respect to any claim
that was adjudicated on the merits in State court proceedings unless the adjudication of the claim .
. . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of the United States[.]").
4. 211 S.W.3d 767 (Tex. Crim. App. 2007).
5. 532 U.S. 782 (2001).
6. Id. at 771.
7. Id. at 778.
8. 532 U.S. at 804.
9. Ex parte Goodman, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991).
10. 211 S.W.3d at 776-77.